# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. GLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>A. GUTIERREZ,<br><br>    Defendant. | Case No. LA CV 17-2886 DDP (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), Defendant's Motion to Dismiss ("Motion"), the Magistrate Judge's Report and Recommendation ("R&R"), Plaintiff's Objections to the R&R ("Objections"), and the remaining record, and has made a *de novo* determination.

     Nothing in the Objections refutes the Magistrate Judge's finding that Plaintiff failed to plausibly allege that he is entitled to relief under 42 U.S.C. § 1983. (*See* R&R at 3-4.) As the R&R explained, Defendant did not prevent Plaintiff from speaking or protesting, but rather, told Plaintiff that he could not lean his signs against state property. (*See id.*; FAC at 3-4); *see also Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984) ("Expression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions. . . . provided that

they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.").

Moreover, Plaintiff relies on the same underlying facts and argument that he made for his section 1983 causes of action to support his Bane Act claim. (*See* Objections at 6-10, 11-12.) However, to succeed on a Bane Act claim, Plaintiff would need to present a theory of a Bane Act violation that went beyond the allegations of his section 1983 violations because the Bane Act requires additional coercion. *See Shoyoye v. Cty. of L.A.*, 203 Cal. App. 4th 947, 959 (2012) ("The [Bane Act] requires a showing of coercion independent from the coercion inherent in the wrongful detention [or other tort] itself."); *see also Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1064 (E.D. Cal. 2009) (explaining that to sustain a claim under the Bane Act, "it must be demonstrated that the [constitutional] violation occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute"). As the R&R concluded, "there was no intentional or attempted interference with Plaintiff's constitutional or other rights," given that Defendant did not keep Plaintiff from speaking or holding his signs. (*See* R&R at 5.) Thus, Plaintiff's Bane Act claim must also fail.

Finally, Defendant did not violate Plaintiff's Fourth Amendment rights through an "unreasonable seizure[]," (Objections at 10), because nowhere in the FAC does Plaintiff allege that Defendant seized Plaintiff's property. (*See generally* FAC.)

//

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted in substantial part;
2. Defendant's Motion is granted;
3. Judgment be entered dismissing this action without prejudice; and
4. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: 11-20-18

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE